IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KEISHA WALKER<br>564 Rimer Pond Road<br>Blythewood, SC 29016<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Serve On:<br>G. Zachary Terwilliger, Esquire<br>United States Attorney for<br>Eastern District of Virginia<br>101 W Main Street, Suite 8000<br>Norfolk, VA 23510-1671<br><br>and<br><br>Serve On:<br>William Barr, Esquire<br>Attorney General of the United States<br>Of America<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Keisha Walker, by and through undersigned counsel, Karl J. Protil, Jr., Esquire, and Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby sues the United States of America, and in support thereof states the following:

1. This action is brought against Defendant The United States of America (hereinafter "the Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C.

1

§ 1346(b), 2671-2680.

2. Venue for this action is appropriately in this District pursuant to 28 U.S.C. §1402, as the act complained of occurred at Fort Belvoir Community Hospital, in Fairfax County, Virginia.

3. The acts of negligence occurred in Virginia, and therefore, Virginia law of damages applies.

4. At all times relevant hereto, Plaintiff Keisha Walker (hereinafter "Mrs. Walker") was, an adult resident of the Commonwealth of Virginia. She is currently a resident of Blythewood, South Carolina.

5. This action arises as a result of acts and omissions by the Defendant's agents and/or employees arising out of medical services delivered to Ms. Walker while a patient at Fort Belvoir Community Hospital, located at 9300 Dewitt Loop, Fort Belvoir, Virginia 22060 (hereinafter "FBCH").

6. At all times relevant hereto, FBCH held itself out as being a full-service medical facility able to provide proper medical, surgical, diagnostic, and other medical services necessary to properly evaluate, diagnose, operate, and treat patients such as Ms. Walker.

7. At all times relevant hereto, Jasmine Cole, M.D. (hereinafter "Dr. Cole") was a health care provider providing health related services to the general public in Virginia and elsewhere.

8. The medical care rendered to Ms. Walker by the medical personnel at FBCH, including but not limited to Dr. Cole, was provided by employees of the United States of America acting within the scope of their employment.

9. At all times relevant hereto, Dr. Cole was an employee, agent, servant and/or ostensible agent of the United States of America acting within the scope of her employment with the United States.

10. If the Defendant were a private person, it would be liable to the Plaintiff in accordance with the laws of Virginia.

11. Pursuant to 28 U.S.C. §2675(a), the claim set forth herein was presented to the Department of the Army on July 11, 2018. Six months has expired since Claimant filed her claim. Accordingly, all administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

12. Ms. Walker experienced back pain in April, 2014 and presented to Tripler Army Hospital for evaluation.

13. Ms. Walker underwent an MRI of the cervical spine on August 7, 2014 for complaints of chronic neck pain that demonstrated a C5-C6 mild posterior disc osteophyte and disc bulge. There was no spinal stenosis noted. The MRI results were compared to a study of February 19, 2014 with no changes noted.

14. Ms. Walker suffered from no neurologic deficits and experienced no gait disturbance or difficulty with ambulation at this time.

15. In June, 2015, Ms. Walker and her family were stationed at Fort Belvoir and her medical care was transferred to FBCH under the supervision of Dr. Cole.

16. On May 25, 2016, Ms. Walker presented to Dr. Cole with complaints of neck pain with occasional numbness in her right upper extremity. She was noted to have a normal gait and no difficulty ambulating.

17. On July 6, 2016, Ms. Walker underwent a CT of the neck.

18. On August 10, 2016, Ms. Walker presented to Walter Reed Army Medical Center with reports of generalized weakness and recent falls. She was examined by Simon Fishman who prescribed an MRI of the cervical spine.

19. The MRI of August 10, 2016 demonstrated cord impingement at C3-C4, mild cord flattening at C4-C5, moderate left cord deformity at C5-C6, and cord impingement at C6-C7, "new multi-level cervical spinal stenosis, worst at C5-6". Correlation with clinical examination was recommended.

20. On August 11, 2016, Ms. Walker underwent an MRI of the lumbar spine which demonstrated L5-S1 disc protrusion with impingement of right S1 root.

21. The MRI reports of August 10, 2016 and August 11, 2016 were provided to Dr. Cole as Ms. Walker's primary care physician.

22. On August 12, 2016, Ms. Walker sent an email to Dr. Cole asking whether, in light of the findings of nerve impingement and bulging discs, she would be referred to an Orthopedic or a Neurologic surgeon. Further, she reported that she had previously attempted physical therapy with little relief. Ms. Walker specifically stated that she was experiencing "recurrent pain, numbness and other issues …" and that she "may have to entertain surgery."

23. On August 31, 2016, Dr. Cole made a notation in Ms. Walker's chart to schedule her for 2-3 appointments, or 2 back to back appointments to review her studies in detail and answer Ms. Walker's questions.

24. Dr. Cole also referred Ms. Walker to John Kent Werner at the Neurology Clinic at Fort Belvoir.

25. No referral was made to Orthopedic Surgery or Neurosurgery.

26. On December 9, 2016, Ms. Walker presented to Dr. Werner as referred by Dr. Cole. She reported chronic right leg numbness, back pain, neck and right arm pain with radiating parasthesias.

27. Dr. Werner examined Ms. Walker and noted giveaway weakness on the right upper and lower extremities, and decreased sensation to light touch, temperature, vibration, and pinprick throughout the upper and lower extremities. Further, he noted her reflexes were bilaterally diminished in upper and lower extremities and her gait was mildly unsteady. Dr. Werner made no treatment recommendation and referred Ms. Walker back to Dr. Cole for direction of her care.

28. Dr. Cole continued to oversee Ms. Walker's care and referred her to be evaluated by Family Medicine, Rheumatology, Occupational Therapy and Physical Therapy. Each of these evaluations noted generalized muscle weakness, difficulty walking, and an unsteady gait.

29. On April 24, 2017, Ms. Walker was hospitalized at FBCH for generalized weakness. She continued under the care of Dr. Cole and health care providers at FBCH.

30. Physical Therapy and Occupational Therapy evaluations at FBCH on April 25, 2017, noted observations of muscle weakness and difficulty walking.

31. A FBCH Neurology Clinic note dated April 26, 2017, documented that Ms. Walker had increased fatigue, muscle weakness, and less ability to move. Further, it was noted that there were no neurological finding to explain Ms. Walker's symptoms and the recommendation was made for "repeat imaging to rule out worsening spinal cord compression."

32. On April 26, 2017, Ms. Walker underwent an MRI of the thoracic and lumbar spine. However, no MRI of the cervical spine was ordered.

33. Despite Ms. Walker's worsening condition, the health care providers at FBCH did not order an MRI of the cervical spine to further diagnose the cause of her ongoing symptoms and correlate her clinical presentation with her ongoing symptoms.

34. On July 12, 2017, Ms. Walker underwent anterior cervical discectomy, osteophytectomy, and infusion of C5-C6, with tricortical bone graft and spinal plate.

35. As a result in the delay in medical treatment and proper diagnosis, Ms. Walker sustained permanent nerve injury resulting in difficulty ambulating, pain, numbness, and weakness in her lower extremities.

36. Ms. Walker continues to receive medical treatment to include, physical therapy and rehabilitation, pain management, and prescription medications.

37. As a direct result of the negligence of Defendant, acting through its agents and/or employees including Dr. Cole, Dr. Werner, and other health care providers at FBCH, Ms. Walker has suffered serious, permanent and debilitating injury, physical and emotional pain and suffering, and past and future pecuniary loss.

## COUNT
### Medical Negligence

38. Plaintiff incorporates the substance of the foregoing factual allegations as if fully stated herein and further,

39. At all times relevant hereto, the medical personnel at FBCH had a duty to use that degree of care and skill in their treatment of Ms. Walker that a reasonably competent physician and/or health care provider, engaged in the same or similar practice and acting in similar circumstances, would use.

32. The medical personnel at FBCH who rendered care and treatment to Ms. Walker breached that duty by failing to render appropriate medical care to her, including, but not limited to failing to properly evaluate Ms. Walker; failing to properly diagnose Ms. Walker's evolving nerve injury; failing to perform a proper and complete neurological examination; failing to timely and properly respond to Ms. Walker's ongoing, worsening and new symptoms; failing to timely respond to Ms. Walker's symptoms; failing to take steps to prevent injury to Ms. Walker; failing to timely refer Ms. Walker for neurological evaluation and consultation; by failing to timely refer for intervention; and by otherwise failing to meet the standard of care in its treatment of Ms. Walker.

33. As a result of the negligent treatment rendered to Ms. Walker by employees, agents and/or representatives of the Defendant, Ms. Walker suffered sustained a serious, permanent and debilitating injury, extreme physical and emotional pain and suffering, and pecuniary loss.

WHEREFORE, Plaintiff Keisha Walker, demands judgment against Defendant for damages in the amount of Two Million Dollars ($2,000,000.00), plus costs and interest and such other relief as may be just and proper.

Keisha Walker
By Counsel

SHULMAN, ROGERS, GANDAL,
   PORDY & ECKER, P.A.

_____
Karl J. Protil, Jr., VSB No. 26314
12505 Park Potomac Avenue, Suite 600
Potomac, MD  20854
(301) 230-6571 Telephone
(301) 230-2891 Facsimile